**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| (I')SLA BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1553 TIA |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the motion of plaintiff (I')sla Ballard for leave to commence this action without payment of the required filing fee [Doc. #2]. After review of the financial affidavit, the Court finds that the plaintiff does not have sufficient funds to pay the filing fee and will grant plaintiff's motion to proceed in forma pauperis. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Complaint

Plaintiff, a resident of St. Louis, Missouri, brings this action pursuant to 42 U.S.C. § 1983 and various state laws seeking remuneration for alleged violations of his civil rights.  Named as defendants are: the City of St. Louis; Daniel Isom (Chief of Police); Robert Ogilvie (police officer); Ronald Vaughan (police officer); Isabella Lovadina (police officer); Chris N. Lovelady-Armstrong (police officer); and Jarrod Henderson (police officer).

Plaintiff alleges that in June of 2009, St. Louis City police officers Ogilvie, Vaughan, Lovadina, Lovelady-Armstrong and Henderson entered his apartment in St. Louis City, without consent, a warrant or probable cause and woke him from his bed. Plaintiff alleges that defendant police officers destroyed several pieces of his personal and real property and used excessive force in arresting him.  Thus, plaintiff seeks relief under § 1983 for excessive force, property destruction, illegal or unlawful entry/trespass, malicious prosecution, verbal harassment, and the filing of a false police report.  Plaintiff also seeks to hold Chief of Police Daniel Isom liable under § 1983 under a theory of respondeat superior.  Plaintiff additionally seeks relief under the state law claims of negligence, assault and battery, recklessness/maliciousness, negligent and intentional infliction of emotional distress, as well as under the

Missouri State Constitution, which prohibits unreasonable searches and seizures.

Plaintiff seeks monetary relief for the alleged violations of his civil rights.

## Discussion

Plaintiff's claims for excessive force pursuant to § 1983 against defendant police officers Ogilvie, Vaughan, Lovadina, Lovelady-Armstrong and Henderson survive initial review under § 1915 and the Court will order the Clerk to issue process on those claims.  Similarly, plaintiff's Fourth Amendment claims brought pursuant to § 1983 for unlawful entry, as well as his claims under § 1983 for the filing of a false police report survive initial review.  Plaintiff's state law claims for unreasonable search and seizure, assault and battery, negligence, and negligent and intentional infliction of emotional distress also survive initial review.  Lastly, plaintiff's claim for recklessness/maliciousness, which the Court interprets as a state law claim for property damage also survives initial review.

However, plaintiff's claims against the City of St. Louis under § 1983 will be dismissed. To state a claim against a municipality, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights.  As a

result, the complaint fails to state a claim upon which relief can be granted against the City of St. Louis.

Similarly, plaintiff's claims under § 1983 against Chief of Police Daniel Isom are also subject to dismissal. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Isom was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against defendant Isom.

Plaintiff's claims under § 1983 for verbal harassment during the course of his arrest, as well as his claims for property damage under §1983 fail to state a claim under the Civil Rights Act. The conduct described by plaintiff does not rise to the level of a constitutional violation. See, e.g., McDowell v. Jones, 990 F.2d 433, 434 (8th Cri. 1993); King v. Olmsted, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the

conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right).  And there is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of real or personal property where the state provides an adequate post-deprivation remedy.  E.g., Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 703 (8th Cir. 2004); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property are not actionable under § 1983 if suitable state remedy); Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990) (Missouri provides adequate remedies to address property damages).

Finally, plaintiff's claim under § 1983 for malicious prosecution is also subject to dismissal.  The Eighth Circuit has uniformly held that malicious prosecution is not punishable under § 1983 because it does not allege a constitutional injury. Kurtz v. City of Shrewsbury, 245 F.3d 753, 758. Because plaintiff has not alleged a constitutional injury arising out of his purported malicious prosecution, plaintiff's malicious prosecution claims brought pursuant to § 1983 are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant St. Louis City Police Officers

Robert E. Ogilvie, Ronald E. Vaughan, Isabella Lovadina, Chris N. Lovelady-Armstrong, and Jarrod L. Henderson.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Robert E. Ogilvie, Ronald E. Vaughan, Isabella Lovadina, Chris N. Lovelady-Armstrong, and Jarrod L. Henderson shall respond to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants the City of St. Louis or Daniel Isom because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.


Dated this 22nd day of September, 2011.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE