UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| (I')SLA BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. 4:11-CV-1553 RWS |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiff (I')sla Ballard's Motion to Appoint Counsel [#4].

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) factual complexity of the issues presented; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability of the indigent person to present claims; and (5) the complexity of the legal arguments. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006); see also Goods v. Crown Center Complex, 177 Fed.Appx. 507 (8th Cir. 2006) (adopting factors for appointment of counsel set out in Phillips v. Jasper County Jail, 437 F.3d 791 for Title VII employment discrimination suit).

After considering these factors, the Court believes that the facts and legal issues involved in Ballard's case are not so complicated that the appointment of counsel is warranted at this time. Ballard's Complaint indicates he is capable of presenting the facts and legal issues without the assistance of counsel. Therefore, the Court will deny Ballard's motion without prejudice [#4].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff (I')sla Ballard's Motion to Appoint Counsel [#4] is **DENIED** without prejudice.

                                                 _/s/ Rodney W. Sippel_
                                                 RODNEY W. SIPPEL
                                                 UNITED STATES DISTRICT JUDGE

Dated this 24th day of February, 2012.