UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| (I')SLA BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11 CV 1553 RWS |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

In a 17 count complaint, Plaintiff (I')sla Ballard has sued Defendants for violations of his constitutional rights and Missouri law.  All claims arise out of Ballard's arrest on June 12, 2009, and his subsequent prosecution.  Defendants move for summary judgment on several grounds.  Ballard, who is proceeding pro se, opposes summary judgment.

After reviewing the record, it appears that Defendants may be entitled to summary judgment on Ballard's excessive force claim on the grounds of qualified immunity.[1]  In § 1983 actions, qualified immunity protects a government official from liability "unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known."  Henderson v. Munn, 439 F.3d 497, 501 (8th Cir. 2006) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law."

---

[1] In their motion for summary judgment Defendants cite Hudson v. Hughes, 98 F. 3d 868 (5th Cir. 1996), for the argument that Ballard's excessive force claim is barred because he pled guilty to resisting arrest and assaulting police officers during the incident at issue.  Here, however, Defendants have not provided sufficient evidence regarding the extent and necessity of the force they applied during the incident.  The affidavits of Defendants Vaughn, Ogilvie, Lovelady-Armstrong, and Henderson simply conclude that they "were able to subdue Plaintiff after a physical altercation."   Therefore, on this record, it is not clear whether Ballard's excessive force claim would necessarily imply the invalidity of his arrest or conviction.  See Smithart v. Towery, 79 F.3d 951 (9th Cir. 1996).

Walker v. City of Pine Bluff, 414 F.3d 989, 992 (8th Cir. 2005) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

To determine whether an official is entitled to qualified immunity, the Court asks the following two-part question: (1) whether the facts alleged, viewed in the light most favorable to the plaintiff, show that the defendant violated a constitutional or statutory right, and (2) whether the right at issue was clearly established at the time of the offending conduct. Brown v. City of Golden Valley, 574 F.3d 491, 496 (8th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). The Court may decide which determination to make first, Pearson v. Callahan, 555 U.S. 223, 235–36 (2009), and "the defendants are entitled to qualified immunity unless the answer to both of these questions is yes." McCaster v. Clausen, 684 F.3d 740, 746 (8th Cir. 2012).

At the time of Ballard's arrest in 2009 it was clearly established that an arrestee enjoyed the right to be free from excessive force during an arrest. Henderson, 439 F.3d at 503. In 2011, the Eight Circuit made it clear that an excessive force inquiry must focus on the force applied rather than the resulting injury. Chambers v. Pennycook, 641 F.3d 931, 936 (8th Cir. 2005). However, at the time of Ballard's arrest, it was unclear whether an officer violated the rights of an arrestee by applying force that caused only *de minimis* injury. Id. at 908. If Ballard only suffered *de minimis* injuries during his arrest, then Defendants may be entitled to qualified immunity on the excessive force claim. See Id.; see also McClennon v. Kipke, 821 F. Supp. 2d 1101 (D. Minn. 2011).

Because Defendants did not raise the issue of qualified immunity in their motion for summary judgment, I cannot grant summary judgment at this time. However, under Federal

2

Rule of Civil Procedure 56(f)(2), the a court can "grant the motion on grounds not raised by a party," but only after "first giving notice and a reasonable time to respond."

Accordingly,

**IT IS HEREBY ORDERED** that each party may file a supplemental brief on the issue of qualified immunity relating to Ballard's excessive force claim no later than **September 27, 2013**. Each party may file a response no later than **October 7, 2013**. Parties shall properly support any facts asserted in their briefing.

**IT IS FURTHER ORDERED** that the **September 9, 2013 trial setting is vacated, and this case will be reset for trial, if necessary, following the Court's ruling on summary judgment**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2013.

3